**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION**

| | |
|---|---|
| In re: | : |
| | :    CASE NO. 10-63746 |
|     Stephen K. Merriman | :    Chapter 13– Caldwell |
| | : |
| Debtor. | : |

**OBJECTION OF CREDITOR STATE OF OHIO, DEPARTMENT OF TAXATION TO DEBTOR'S MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN [DOCKET #67]**

      Now comes Attorney General Mike DeWine, acting through special counsel duly appointed as provided in Ohio Revised Code Section 109.08, on behalf of Creditor, the State of Ohio, Department of Taxation ("DOT"), and objects to Debtor's Motion to Modify Confirmed Chapter 13 Plan [Docket No. 67].  For the reasons set forth more fully in the accompanying Memorandum, DOT asks that the Motion be denied.

                                                Respectfully submitted,

                                                /s/Brian M. Gianangeli
                                                Charles A. Mifsud (0070498)
                                                Special Counsel to the Ohio Attorney General
                                                Brian M. Gianangeli (0072028)
                                                The Law Office of Charles Mifsud, LLC
                                                6305 Emerald Parkway
                                                Dublin, OH 43016
                                                Phone:  (614) 224-8313
                                                Fax:  (614) 389-2294
                                                bgianangeli@mifsudlaw.com
                                                Attorneys for Creditor, State of Ohio
                                                Department of Taxation

## **MEMORANDUM IN SUPPORT**

DOT's two proofs of claim in this matter, claim nos. 11 and 13 (the "Claims"), assert unpaid amounts due against Debtor for personal income and sales taxes covering various periods. In his Motion to Modify Confirmed Chapter 13 Plan, Debtor seeks to eliminate the sales tax assessments from any distribution under his plan. Debtor's basis for the proposed exclusion is that the sales tax assessments are owed by a company controlled by Debtor, Techknowlogic, LLC, and that DOT's claim "is a contingent claim for which the Debtor is not liable unless the entity who is responsible for the debt fails to pay." Debtor's Motion misstates Ohio law on personal liability for sales taxes and cannot serve as a basis for excluding the sales tax assessments from his the plan.

The sales tax assessments contained in the Claims were originally assessed against Techknowlogic, LLC for failure to pay taxes owed for various periods under its two vendor's licenses. Debtor's personal liability for this sales tax debt is established by Ohio Revised Code 5739.33 which states:

> If any corporation, limited liability company, or business trust required to file returns and to remit tax due to the state under this chapter, including a holder of a direct payment permit under section 5739.031 of the Revised Code, fails for any reason to make the filing or payment, any of its employees having control or supervision of or charged with the responsibility of filing returns and making payments, or any of its officers, members, managers, or trustees who are responsible for the execution of the corporation's, limited liability company's, or business trust's fiscal responsibilities, shall be personally liable for the failure. The dissolution, termination, or bankruptcy of a corporation, limited liability company, or business trust shall not discharge a responsible officer's, member's, manager's, employee's, or trustee's liability for a failure of the corporation, limited liability company, or business trust to file returns or remit tax due. The sum due for the liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code.

2

As set forth on his Schedule I and Statement of Financial Affairs, Debtor is the owner of Techknowlogic, LLC subjecting him to personal liability for the sales tax assessments. However, nowhere does R.C. 5739.33 require that collection attempts first be exhausted against Techknowlogic, LLC before Debtor can become liable. The statute commands that when Techknowlogic, LLC "fails for any reason to make the filing or payment" of sales taxes due, a responsible officer like Debtor "shall be personally liable for the failure." For each of the sales tax periods listed on the Claims, Techknowlogic, LLC failed to pay the sales taxes shown due and was assessed for this failure. As such, Debtor's liability is established directly under R.C. 5739.33 and is not contingent on the company's later refusal or inability to pay.

Even assuming Debtor could establish that his liability is contingent on Techknowlogic, LLC's post-assessment failure to pay, that contingency has been met. As noted, all periods assessed were not paid when due. Moreover, DOT has received no payment on the sales tax assessments covered on the Claims since May 3, 2012. Contrary to the claim in Debtor's Motion, the sales tax assessments are not being liquidated by Techknowlogic, LLC thereby further establishing Debtor's liability under R.C. 5739.33.

With Debtor personally liable for the sales tax assessments, the debts cannot be excluded from his plan. Pursuant to 11 U.S.C. 1325(a), a Chapter 13 plan is to be confirmed only if "the plan complies with the provisions of this chapter and with the other applicable provisions of this title." One such provision is found in 11 U.S.C. 1322(a)(2), which states that a Chapter 13 plan *shall* "provide for the full payment, in deferred cash payments, of all claims entitled to priority

under section 507 of this title…." The sales tax and interest assessments on the Claims are priority debts under 11 U.S.C. 507(a)(8)(C) and must be paid in full under the plan.[1]

WHEREFORE, for the foregoing reasons, DOT objects to Motion to Modify Confirmed Chapter 13 Plan and asks that the same be denied.

Respectfully submitted,

/s/Brian M. Gianangeli
Charles A. Mifsud (0070498)
Special Counsel to the Ohio Attorney General
Brian M. Gianangeli (0072028)
The Law Office of Charles Mifsud, LLC
6305 Emerald Parkway
Dublin, OH 43016
Phone:  (614) 224-8313
Fax:  (614) 389-2294
bgianangeli@mifsudlaw.com
Attorneys for Creditor, State of Ohio
Department of Taxation

---

[1] Alternatively, should Debtor be permitted to exclude the sales tax assessments on the Claims from distribution under his plan, DOT seeks a declaration that such debts are not dischargeable pursuant to 11 U.S.C. 1328(a)(2).

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served by first class U.S. mail, postage prepaid, on this 16<u>th</u> day of December, 2013, upon:

Stephen K. Merriman
21878 Main Street
Raymond, OH 43067

John F. Cannizzaro
302 South Main Street
Marysville, OH 43040-1556

Frank M. Pees
130 East Wilson Bridge Road
Suite 200
Worthington, OH 43085

Asst US Trustee (Col)
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215

/s/Brian M. Gianangeli
Brian M. Gianangeli (#0072028)